**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| MARCO TULIO VELIZ ORTIZ, | |
| Petitioner, | |
| v. | Case No. 2: 26-cv-3243 (BRM) |
| TODD BLANCHE, *Acting Attorney General of the United States*, JOHN T. TSOUKARIS, *NJ Director, Enforcement Removal Operations, U.S. Immigration and Customs Enforcement*, MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security*, TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*, and WARDEN, *Elizabeth Detention Center, Elizabeth, NJ*,[1] | **OPINION** |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Marco Tulio Veliz Ortiz's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his

constitutional rights. (ECF No. 1.) Respondents filed a letter answer. (ECF No. 7.) Having

considered the submissions filed in connection with the Petition and having declined to hold oral

---

[1] Defendant Todd Blanche, the current holder of the Office of the Attorney General of the United States, is substituted for Pamela Bondi as the proper defendant in this matter. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . ."). Additionally, Defendant Markwayne Mullin, the current U.S. Secretary of Homeland Security, is substituted for Kristi Noem as the proper defendant in this matter. *Id.*

argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, the Petition is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, unlawfully entered the United States on an unknown date without admission or parole. (ECF No. 7 at 1.) On or about July 24, 1994, United States Customs and Border Patrol ("USCBP") arrested Petitioner and issued a Notice to Appear ("NTA"). (*Id.*) On July 28, 1994, United States Immigration and Customs Enforcement ("ICE") released Petitioner on his own recognizance. (*Id.*) On July 6, 1995, an immigration judge ("IJ") granted Petitioner voluntary departure, which required him to depart by March 7, 1996. (*Id.*) When Petitioner failed to depart, his voluntary departure automatically converted to a final order of removal on March 8, 1996. (*Id.*)

Years later, on December 23, 2001, Petitioner was arrested by the Plainfield Police Department in Plainfield, New Jersey for simple assault, however, those charges were ultimately dismissed. (*Id.* at 1–2.) Almost two decades later, South Plainfield Police in South Plainfield, New Jersey arrested Petitioner for aggravated assault—attempt to cause bodily injury, possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. (*Id.* at 2.) Petitioner served jail time for a lesser charge of simple assault. (*Id.*) On September 1, 2020, Petitioner was transferred to ICE custody, where he remained until he was removed on October 5, 2020. (*Id.*)

At some point Petitioner returned to the United States. (*See id.*) On January 20, 2026, ICE arrested Petitioner pursuant to an I-205 Warrant of Removal. (*Id.*; ECF No. 7-2.) On the same date, ICE "determined that Petitioner is subject to removal under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8 after an ICE Supervisor Detention and Deportation Officer identified Petitioner as a

noncitizen subject to a final order of removal, who illegally reentered the United States following his removal pursuant to that final order." (*Id.*) On that day, ICE provided Petitioner with a written notice of intent to reinstate that final order of removal, and Petitioner claimed a fear of returning to Guatemala. (ECF No. 7-3; ECF No. 7-4.) The asylum officer found Petitioner did not establish a credible fear and Petitioner requested review by an IJ. (*Id.*) On March 2, 2026, an IJ also found Petitioner had not established a credible fear. (ECF No. 7-5.) The IJ returned the case to DHS for removal and Petitioner is now detained pursuant to a final order of removal under 8 U.S.C. § 1231(a).

On March 26, 2026, Petitioner filed the instant Petition arguing, among other things, that his continued detention pursuant to 8 U.S.C. § 1225(b)(2) since January 20, 2026, without a bond hearing violates due process. (*See generally* ECF No. 1.) Respondents filed a response. (ECF No. 7.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225. (See ECF No. 1 at 15–53.) The Court disagrees.

The record establishes that Petitioner is subject to a final order of removal. Petitioner does not dispute, as he does not acknowledge, that (1) on March 8, 1996, his voluntary departure converted to a final order of removal; (2) on October 5, 2020, he was removed from the United States; and (3) he unlawfully reentered the United States at some point.

Based on the above, ICE reinstated Petitioner's final order of removal on January 20, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Any argument that Petitioner's detention is unlawful because his removal order was not reinstated until after his arrest is unavailing. Reinstatement is an administrative process that confirms the existence of a prior removal order and unlawful reentry. See Ponta-Garcia v. Atty. Gen. of U.S., 557 F.3d 158 (3d Cir. 2009) (holding that reinstatement requires only a determination of prior removal, identity, and unlawful reentry, and does not require a hearing before an immigration judge). Once those conditions are satisfied, § 1231 governs.

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days

4

(in this section referred to as the 'removal period').'' 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on January 20, 2026. As a result, Petitioner's been in custody past the 90-day removal period.

In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention). Petitioner's detention— measured from January 20, 2026—falls far short of six months, rendering his claim premature. Additionally, Petitioner "has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto*, Civ. A. No. 26-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

Petitioner's assertion that he was arrested without adequate process does not alter this conclusion. The Third Circuit has upheld the constitutionality of the reinstatement procedure, recognizing that individuals subject to reinstatement have already received the process associated with their underlying removal proceedings. *See Ponta-Garcia*, 557 F.3d at 162 (holding that reinstatement procedures comport with due process because the noncitizen was previously afforded full removal proceedings).

## IV.  Conclusion

For the reasons set forth above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**

**WITHOUT PREJUDICE**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 27, 2026